CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 03 2010

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FLOYD GARRETT, | ) |
| Petitioner, | ) Case No. 7:10CV00338 |
| v. | ) MEMORANDUM OPINION |
| WARDEN TERRY O'BRIEN, | ) By: Glen E. Conrad |
| Respondent. | ) Chief United States District Judge |

Petitioner, a federal inmate proceeding pro se,[1] brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of his confinement pursuant to the 1996 judgment of the United States District Court for the Southern District of California under which he stands convicted of two counts related to armed bank robbery. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

## Background

Floyd Garrett pleaded not guilty and, in October 1996, was found guilty in a court trial of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) and (2), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The court sentenced Garrett to 240 months in prison as a Career Offender, pursuant to United States Sentencing Guidelines, § 4B1.1, based on his prior convictions. On appeal, the United States

---

[1] Petitioner is currently incarcerated at the United States Penitentiary in Jonesville, Virginia, within the jurisdiction of this court.

Court of Appeals for the Ninth Circuit affirmed the convictions, and the United States Supreme Court denied Garrett's petition for a writ of certiorari.[2] See United States v. Garrett, 179 F.3d 1143 (9th Cir.), cert. denied, 528 U.S. 978 (1999).

Garrett signed and dated this § 2241 petition on July 27, 2010. He claims that he should be immediately released, because he is actually innocent of being a Career Offender as defined in § 4B1.1 of the guidelines. In support of this argument, he cites a recent decision by the United States Supreme Court, Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (Mar. 2, 2010).

## Discussion

Petitioner's claims challenge the validity of his federal sentence itself, rather than the calculation of the term of confinement under that sentence. If a federal inmate wishes to challenge the validity of his sentence as imposed, he must ordinarily proceed by filing a motion under 28 U.S.C.A. § 2255 in the court in which he was convicted. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Under very limited circumstances, an inmate may challenge the legality of his conviction or sentence by filing a petition for a writ of habeas corpus, pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

§ 2255(e) (emphasis added). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

---

[2] Garrett asserts that he has filed other petitions, challenging these federal convictions, but does not provide any specific description or records regarding these prior petitions.

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

In Johnson, the decision on which Garrett relies, the Supreme Court held that the defendant's prior battery conviction under Florida law was not a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because the government failed to prove that it was based on anything more than intentional, unwanted touching. 130 S. Ct. at 1271-73. The Court ruled that a "violent felony" must, by definition, have included the use of "physical force," which the Court defined as "<u>violent</u> force–that is, force capable of causing physical pain or injury to another person." Id. at 1271 (emphasis in original). The Court also recognized that the government could use court documents, such as charging instruments or transcripts, to prove that the battery offense conduct constituted a "violent felony" for purposes of enhancement under § 924(e). Id. at 1273.

Garrett claims that the government relied on his 1993 conviction for battery as one of the two prior felony "crimes of violence" required for sentence enhancement under the career offender guideline. He asserts that, in light of the Johnson decision, this prior conviction can no longer support his enhanced sentence and that he is entitled to relief under § 2241 because he is actually innocent of one of the elements of his enhanced sentence. He is mistaken.

Garrett's own exhibits demonstrate that his prior battery conviction is clearly distinguishable from prior conviction at issue in the Johnson case. Garrett submits a copy of a

- 3 -

judgment, dated March 1, 1993, in the Superior Court of Solano County, California, convicting him of "battery on a peace officer," in violation of Cal. St. Ann. § 243(c), and sentencing him to two years in prison. Id. A conviction under this section requires proof that the defendant's act of battery inflicted injury on a peace officer and authorizes a prison sentence of up to three years. Given the elements of this battery offense, Garrett cannot show that his prior conviction was not a "crime of violence" for purposes of § 4B1.1. Therefore, he cannot show that this prior conviction does not support the enhancement of his sentence under § 4B1.1.

## Conclusion

Based on the foregoing, the court concludes that petitioner cannot meet the elements of the Jones standard so as to allow the court to address his claims under § 2241. Jones, 226 F.3d at 333-34. Therefore, the § 2241 petition must be dismissed. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 3rd day of August, 2010.

_____
Chief United States District Judge